Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) Case No._____ |
| | ) |
| | ) CONFIRMATION HEARING DATE _____ |
| | ) |
| | ) **ORDER CONFIRMING PLAN** |
| Debtor(s) | ) **AND RESOLVING MOTIONS** |

The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325, now, therefore IT IS ORDERED:

    1. The debtor's plan dated _____, as modified by any amendment shown in ¶11, is confirmed.

    2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I.  Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00.  This includes the right to disbursements from any source, including, but not limited to, bonuses and inheritances.  Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order.  The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in:  (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

    3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition tax and/or domestic support obligations may constitute cause for dismissal of the debtor's Chapter 13 case under 11 USC §1307(c).

[**Note**:  Printed text may not be stricken]

4. (a) Per the filed *Application for Compensation* (LBF #1305), compensation to debtor's counsel of $_____ is approved.
   (b) If Schedule 2(b) was selected, and the fees and expenses as certified at the end of this document are less than those estimated on the filed *Application for Compensation* (LBF #1305), fees and expenses in the amount of $_____ are approved.
   A total of $ _____ has been paid, leaving $_____ to be paid as funds become available per ¶2(b)(4) of the plan.

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶11 below, only if a valuation motion(s) was included in the plan and served as required under FRBP 7004, or the allowed amount of the secured claim was fixed by consent of the concerned secured creditor. In all other circumstances, the value of such collateral, if contested, shall be established through the claims process or otherwise, as provided in title 11 or the FRBP. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in ¶11 below. The name and service address for each creditor affected by this paragraph are [**Note**: List alphabetically and only one creditor per line]:

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:

   (b) Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:

8. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

9. All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment was due under 11 USC §1326(a)(1). If all payments are not completed by that date, the case may be dismissed.

10. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

[**Note**: Printed text may not be stricken]

11. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶5]:

12. Creditors with prepetition claims excepted from the debtor(s)' discharge are enjoined from initiating any collection actions against the debtor(s) until this case is closed, dismissed, or converted to another chapter under title 11, unless they obtain relief from this order.

13. The terms of this order are subject to any objection filed within 15 days by [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:

14. The trustee is authorized to commence disbursements in accordance with the plan.

15. In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case unless, prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2). In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

16. All mortgage creditors are granted relief from the automatic stay and co-debtor stay to negotiate with the debtor and co-debtor regarding modification of the underlying loan agreements, providing that any modification must receive the written consent of the trustee or be approved by order of the Court in order to become effective. Negotiations with represented debtors must be with debtor's counsel who may consent to the creditor communicating directly with the debtor.

###

*I certify that on _____ I served this Order on the trustee for submission to the court.*

[To be completed if debtor's attorney elected to be paid per Schedule 2(b) on LBF #1305.] *I further certify under penalty of perjury that, through _____ [date], I have incurred hourly fees of $_____, and expenses of $_____, for a total of $_____. A total of $_____ has been paid to me for the fees and expenses, leaving $_____ to be paid through the plan. I have contemporaneous time and expense records and will provide an itemization of my fees and expenses to the Court or any party in interest in this case upon request.*

Approved: _____
    *Trustee*

_____
*Debtor or Debtor's Attorney*

[**Note**: Printed text may not be stricken.]

1350.05 (12/1/12) **Page 3 of 3**

Attachment to Order Confirming Plan
Mickey & Michelle Shaul
16-31314-pcm13

¶1(a): Replace "$391 thereafter" with "$391 x 6; $471 x 31; $710 x 5; $765 x 5; $905 x 9; $995 thereafter."

¶2(b)(1): Les Schwab Tires: Replace "All available funds after attorney's fees" with "$0 - No Claim Filed"

¶2(b)(1): Baker Boyer Bank: Strike typed text; replace with

"Baker Boyer Bank 1^# – Residence^ – $4,600 – N/A – N/A – 0% - $0 x 1; $200 thereafter
Baker Boyer Bank 2^# – Residence^ – $13,357 – N/A – N/A – 0% - All available funds after attorney fees paid

^Split Claim - Same Collateral.
#Arrearage claim to include payment for May 2016. Regular direct payments to resume June 2016."

¶2(b)(1) – Add

"Shamrock Mortgage Company – Residence – N/A – N/A – $15,000 – 0% - See ¶11".

¶11: Strike typed text; replace with "Shamrock Mortgage Company agrees to accept $15,000 in satisfaction of the $52,045.13 asserted in Proof of Claim #4. Of that $15,000, the Chapter 13 Trustee shall pay $9,000 at 0% interest through this Plan - all available funds after Baker Boyer 2 is paid. The remaining $6,000 will be paid directly by Debtors to Shamrock at the rate of $250/month beginning thirty days following entry of discharge, and will bear 0% interest. Once (1) the $9,000 is paid through this Plan, (2), Debtors obtain a Chapter 13 discharge, and (3) Debtors pay Shamrock the $6,000 referenced herein, Shamrock shall promptly execute and record a Deed of Reconveyance with respect to the May 30, 2007 Deed of Trust (2007-5200401) recorded with Umatilla County, Oregon on May 31, 2007 concerning Debtors' real property located at 416 S. Elizabeth Street, Milton Freewater, Oregon 97862 (legal description attached hereto). If this case is dismissed, converted to another chapter under the Bankruptcy Code, or if Debtors do not obtain a Chapter 13 discharge, Shamrock reserves all rights under its note and trust deed, including Shamrock's lien against the property for all amounts due under the note (inclusive of the $15,000) to the extent not previously paid by the Chapter 13 Trustee.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Umatilla, State of Oregon:

**TRACT I:**
Beginning at a point 660 feet South of the Northwest corner of Section 12 Township 5 North, Range 35, East of the Willamette Meridian, Umatilla County, Oregon; thence East 660 feet to the Northeast Corner of that tract of land conveyed to Edger J. Hook, et ux, by Deed recorded in Book 172, Page 376, Deed Records, Umatilla County, Oregon, thence Westerly 34.75 feet to a point on the Westerly line of that tract of land conveyed to City of Milton-Freewater by Deed recorded in Book 195, Page 543, Deed Records, Umatilla County, 0regon; and the true point of beginning for this description; thence South along the West line of said City of Milton Freewater tract, 190 feet to the Northeast corner of that tract of land conveyed to George M. Martin, et ux, by Deed recorded in Book 218, Page 175, Deed Records, Umatilla County, Oregon; thence West along the North line of said Martin tract, 200 feet; thence North and parallel with the West line of said City of Milton Freewater tract, 190 feet to a point on the North line of said Hook tract; thence East along the North line of said Hook tract, 200 feet to the point of beginning;
EXCEPTING therefrom any portion lying within S. Elizabeth Street right of way.

**TRACT II:**
The East 12 feet of the following:
Beginning at the Northwest corner of Section 12, Township 5 North, Range 35, East of the Willamette Meridian, Umatilla County, Oregon; thence South along the West line, 740 feet; thence East parallel to the North line of said Section 12, a distance of 295.75 feet to the true point of beginning for this description; said point also being the East line of Parkview Street; thence South along the East line of said Parkview Street, 105 feet to the Northwest corner of a tract of land conveyed to Rolland E. Dibble, et ux, by Deed recorded in Book 266, Page 572, Deed Records; Umatilla County, Oregon, thence East along the North line of said Dibble Tract, 131.25 feet to a point on the West line of that tract of land conveyed to Robert L. Johnson, et ux, by Deed recorded in Book 336, Page 614, Deed Records, Umatilla County, Oregon; thence North along the West line of said Johnson tract, 105 feet; thence West and parallel to the North lime of said Section 12, a distance of 131.25 feet to a point on the East line of said Parkview Street and the true point of beginning.
**Tax Parcel Map No. 5N-35-12BB, Tax lot No. 6000, Serial No. 1133411**
which currently has the address of **416 S. Elizabeth Street Milton Freewater, Oregon 97862.** ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

OREGON--Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**       Form 3038    1/01    *(page 3 of 17 pages)*